```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  11/19/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PACIFIC CONTROLS INC.,

                              Plaintiff,

-against-

CUMMINS INC.,

                              Defendant.

1:19-cv-03428-MKV-BCM

ORDER SUBSTITUTING
EXPERT WITNESS

MARY KAY VYSKOCIL, United States District Judge:

      Defendant Cummins requests leave to substitute Scott Andrews for Dr. Ralph Wilhelm, its currently designated trial expert on the telematics industry. [ECF No. 104]. Dr. Wilhelm recently advised Cummins that due to an adverse health condition that required significant surgery and will require an extensive recovery period, he has retired from all work and will be unable to testify at trial. [ECF No. 104-1]. Cummins represents that this expert testimony is needed to explain the "workings of the telematics industry and the unreasonableness of Plaintiff's claimed work and damages." [ECF No. 104]. Plaintiff Pacific Controls Inc. has informed Cummins that it objects to a substitute witness. [ECF No. 104]. Pacific Controls claims that it would be prejudiced by such a late substitution of experts because Cummins now knows Pacific Controls' strategy and because Pacific Control chose not to hire a rebuttal expert for Dr. Wilhelm's disclosed opinions. [ECF No. 105].

      Courts considering a party's request to substitute a new expert after the close of discovery generally apply the good cause standard of Federal Rule of Civil Procedure 16(b). *See*, *e.g.*, *Nature's Plus A/S v. Nat. Organics, Inc.*, No. CV094256ADSAKT, 2014 WL 12964552, at *3

(E.D.N.Y. Oct. 29, 2014); *Doctor's Assocs., Inc. v. QIP Holder LLC*, No. 3:06-CV-1710 VLB, 2009 WL 5184404, at *4 (D. Conn. Dec. 23, 2009); *Jung v. Neschis*, No. 01 CIV. 6993 RMBTHK, 2007 WL 5256966, at *16 (S.D.N.Y. Oct. 23, 2007), report and recommendation adopted (Sept. 21, 2007).  Good cause "depend[s] on the diligence of the moving party, and, to satisfy the standard, the movant must demonstrate that it has been diligent in its effort to meet the Court's deadlines." *Sokol Holdings, Inc., v. BMB Munai, Inc.*, 05-CV-3749, 2009 WL 2524611, at *7 (S.D.N.Y. Aug. 14, 2009) (internal citations and quotations omitted).  Courts consistently permit the substitution of expert witnesses when unforeseen events render the original expert witness unavailable to testify at trial.  *See Nature's Plus*, 2014 WL 12964552, at *3 (collecting cases).

On November 3, 2021, Dr. Wilhelm first advised counsel for Cummins of his unavailability to testify at trial due to his medical condition.  [ECF No. 104-1].  Within two weeks, Cummins has already identified a substitute expert witness, conferred with Pacific Controls, and filed this letter requesting leave to substitute expert witnesses.  As such, Cummins has been diligent in seeking leave to substitute its expert witness for trial.

The Court also concludes that, as long as Cummins complies with the conditions it agreed to in its letter, Pacific Control will be minimally prejudiced by this substitution.  Cummins has agreed to confine Mr. Andrew's opinions to the same subject matter as Dr. Wilhelm's anticipated testimony and it has agreed to cover any of Pacific Control's fees and costs incurred in deposing Mr. Andrews.  Cummins also offered not to show Mr. Andrews any of Pacific Control's pre-trial materials, and in fact it represents that Pacific Control has not provided these materials yet in anticipation of Cummins request to substitute expert witnesses.

Last, Cummins offers not to show Mr. Andrews any of the summary judgment briefing in this case.

Pacific Control contends that Dr. Wilhelm's videotaped deposition can be used in lieu of substituting experts, but the cases Pacific Control cites to support this manner of resolution are inapposite. In the cases that Pacific Control cites, the Court was considering testimony of unavailable *fact* witnesses. See *Laureano v. City of New York*, No. 17-CV-181 (LAP), 2021 WL 3272002, at *7 (S.D.N.Y. July 30, 2021) (considering the testimony of a deceased plaintiff); *Hague v. Celebrity Cruises, Inc.*, No. 95CIV.4648(BSJ)(JCF), 2001 WL 546519, at *2 (S.D.N.Y. May 23, 2001) (considering the testimony of the treating physician for the plaintiff). Dr. Wilhelm's testimony is not necessary to the resolution of this case if another expert witness can be substituted.

Having shown good cause to extend expert discovery, IT IS HEREBY ORDERED that Cummins' request for leave to substitute Scott Andrews for its currently designated trial expert on the telematics industry, Dr. Ralph Wilhelm, is GRANTED.

The expert discovery deadline is therefore extended to January 31, 2022. Any deposition of Mr. Andrews must be completed by January 21, 2022. Pacific Control shall file a letter on or before January 31, 2022, advising the Court as to whether it seeks leave to engage a rebuttal expert. Pursuant to Cummins' letter, Cummins is directed not to show Mr. Andrews any of Pacific Control's pre-trial materials, any of the summary judgment briefing, or this Court's Opinion and Order dated September 29, 2021 in which it granted in part and denied in part Cummins' Motion for Summary Judgment.

IT IS FURTHER ORDERED that the pretrial conference scheduled for December 14, 2021 at 2:30 PM is ADJOURNED to February 22, 2022 at 10:00 AM.  The conference will be held telephonically.  To join the conference, dial 888-278-0296 and enter access code 5195844.

The parties shall file their proposed joint pretrial order on or before February 15, 2022.  The parties shall consult the Court's Individual Practice Rule § 7.A. and ensure compliance therewith.  The required pretrial filings outlined in Section 7.B. of the Court's Rules need not be filed with the proposed joint pretrial order.  The Court will set a deadline for these submissions at a later date.

At the pretrial conference the parties should be prepared to discuss their proposed joint pretrial order, trial scheduling and logistics, deadlines for pretrial filings outlined in Section 7.B. of the Court's Individual Practice Rules, and all other pretrial matters.  The parties should consult the Court's Individual Practice Rules and ensure compliance therewith.

**SO ORDERED.**

**Date: November 19, 2021**
**New York, NY**

_Mary Kay Vyskocil_
**MARY KAY VYSKOCIL**
**United States District Judge**