```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/7/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PACIFIC CONTROLS INC.,

                Plaintiff,

-against-

CUMMINS INC.,

                Defendant.

19-cv-3428 (MKV)

**ORDER RESOLVING MOTIONS *IN LIMINE***

MARY KAY VYSKOCIL, United States District Judge:

    In advance of the trial in this case, the parties submitted numerous motions *in limine*. [ECF Nos. 169, 173, 175, 177]. This Order resolves those motions.

    A. **Quasi (or tax) estoppel**

    Cummins has moved to exclude evidence offered to support the claim that Pacific Controls Inc. ("PCI") owed a Debt to Pacific Controls Dubai, offered in connection with PCI's alleged damages. [ECF No. 178]. This motion is predicated upon the affirmative defense of quasi-estoppel (at times referred to as tax estoppel) raised by Cummins in its Answer. [ECF No. 11]. In short, Cummins claims that (i) PCI had an obligation to disclose all debt to the IRS, (ii) PCI did not disclose to the IRS any debt owed to Pacific Controls Dubai, and, as a result, (iii) the doctrine of quasi-estoppel precludes PCI from seeking to recover reliance damages stemming from its purported debt to Pacific Controls Dubai.[1]

---

[1] Cummins did not raise this issue at the summary judgment stage. Indeed, the issue was not brought to the Court's attention until the motions *in limine* were filed. This is not the proper way to proceed. As Cummins itself noted at the Final Pretrial Conference when discussing the motions *in limine*, the issue to be determined is a substantive legal issue for the Court to decide as a matter of law. A motion *in limine* is not the proper vehicle for raising such an issue. *See Pavone v. Puglisi*, No. 08-cv-2389, 2013 WL 245745, at *1 (S.D.N.Y. Jan. 23, 2013). Even if that were not the case, the Court would have been poorly positioned to resolve the dispute given that the issue received sparse treatment in the *in limine* motions and the parties intend to offer dueling expert opinions on PCI's obligations under the tax laws. Accordingly, the Court ordered the parties at the Final Pretrial Conference held on July 5, 2023 to file supplemental briefing on the issue of quasi-estoppel. That briefing was submitted to the Court on July 7, 2023. [ECF Nos. 199, 202]. Unfortunately, the supporting briefing does little to aid the Court in its assessment of the defense.

Cummins has failed to meet its burden of establishing that this affirmative defense applies. *See Criss v. Bitzegaio*, 420 N.E.2d 1221, 1224 (Ind. 1981) ("It is clear that the burden of pleading and proving any affirmative defense is on the defendants."). The doctrine of quasi-estoppel "forbids a party from accepting the benefit of a transaction or statute and then subsequently taking an inconsistent position to avoid the corresponding obligations or effects." *Davidson v. Davidson*, 947 F.2d 1294, 1297 (5th Cir. 1991). Cummins has cited no authority to suggest that this doctrine applies under Indiana law, despite the fact that Indiana law indisputably governs the breach of contract claim, which is the only claim remaining in this case. However, the Second Circuit has applied the doctrine to preclude a party from pressing a position which is contrary to the position that the party had previously taken and benefitted from with respect to its tax returns. *See, e.g.*, *Ginor v. Landsberg*, 159 F.3d 1346 (2d Cir. 1998) (unpublished opinion).

Here, Cummins argues that PCI cannot claim to owe a debt to Pacific Controls Dubai because such a claim would be inconsistent with its prior failure to disclose any such debt on its tax returns. However, Cummins does not contend that PCI obtained any benefit from not disclosing the debt on its tax returns. That lack of benefit is problematic. Generally, courts that apply the doctrine of quasi-estoppel do so to prevent a party from benefitting twice from two inconsistent positions. That is, the doctrine is an equitable remedy which provides that a party should not be permitted to "eat [its] cake and have it too." *Western Res., Inc. v. Union Pacific R.R. Co.*, No. 00-2043-CM, 2002 WL 1462004, at *7 (D. Kan. 2002). Because there is no evidence to suggest that PCI has already had its cake, there is nothing inequitable in allowing the first bite.

Of course, the absence of any benefit begs the question why PCI would not have disclosed the debt in the first place. Cummins offers no theory on this score. PCI, for its part, explains that

it did not disclose the debt because it was not obligated to do so.[2] That may or may not be true. The Court cannot conclude based on the cursory briefing (which does not cite to any specific tax code provisions) what the tax law required. And without knowing what the tax code required, it is impossible for the Court to conclude that PCI violated that code or otherwise made any sort of representation with respect to its debt obligations. Thus, Cummins' motion seeking to preclude PCI from recovering damages based on its debt to Pacific Controls Dubai must be denied.

In short, the net effect of this ruling is that Cummins, which has the burden of proof on its affirmative defense, has failed to carry its burden and cannot press the affirmative defense at trial.

### B. Pre-contract damages

Cummins also moves to preclude PCI from presenting at trial any evidence of purported pre-contract reliance damages with respect to its alleged breach of contract claim. PCI initially sought such damages in relation to its fraud claim (*i.e.*, that Cummins made promises to PCI about future business that it had no intention of fulfilling and that those promises induced PCI to spend millions of dollars to develop products).[3] That fraud claim did not survive summary judgment, and PCI now seeks to recover pre-contract costs in connection with its alleged breach of contract claim. Cummins argues that there is no basis for recovery of pre-contract expenditures as damages for the breach of contract claim.

The Court preliminarily granted Cummins' *in limine* motion to exclude evidence regarding pre-contracts costs and expenditures at the Final Pretrial Conference held on July 5, 2023. Under Indiana law, to recover reliance damages, the injured party must "produce evidence sufficient to

---

[2] PCI has proffered an accounting expert to so testify.

[3] In its summary judgment briefing, PCI stated: "PCI seeks compensatory damages in the nature of (i) costs it expended prior to execution of the [Agreement], developing the technology for Cummins and which it shared with Cummins, based upon fraud; and (ii) lost profits as a result of breaches of the contract but, if not recoverable, for the costs it incurred after the [Agreement] was executed." ECF No. 93 at 7.

permit a reasonable trier of fact to find that the losses claimed were caused by the breach." *Merry Gentleman, LLC v. George & Leona Prods., Inc.*, 799 F.3d 827, 830 (7th Cir. 2015). "To recover the plaintiff must show that its damages flowed directly and naturally from the breach." *Sammons Commc'ns of Indiana, Inc. v. Larco Cable Const.*, 691 N.E.2d 496, 498 (Ind. Ct. App. 1998). Moreover, Indiana law provides that a claim for reliance damages seeks to put the non-breaching party "in as good a position as [it] would have been had the contract not been made." *Lincoln Nat. Life Ins. Co. v. NCR Corp.*, 603 F. Supp. 1393, 1405 (N.D. Ind. 1984) (quoting Restatement 2nd Contracts § 344). Here, that would mean putting PCI in as good a position as it would have been in had the Master Agreement never been executed—*i.e.*, a position in which millions of dollars had already been expended in pursuit of the contract. Any award of pre-contract expenses would place PCI in a better position than if the contract had not been executed.

The Court's ruling at the Final Pretrial Conference was "preliminary" only because PCI's counsel represented during that conference that there were two on-point cases that supported a ruling in its favor. After closer review of those cases, the Court now comfortably reaffirms its preliminary ruling. The first case cited, *Marathon Oil Co. v. Collins*, 744 N.E.2d 474 (Ind. Ct. App. 2001), is clearly inapposite, since, as PCI's counsel acknowledged, the court in that case awarded damages incurred only *after* an oral agreement was entered. *Id.* at 482. The second (non-Indiana) case, *Westfed Holdings, Inc. v. United States*, 52 Cl. 135 (2002), is also distinguishable. The trial court there was reversed in part by the Federal Circuit, which concluded that the district court erred in awarding damages for pre-contract expenditures given the lack of evidence

4

demonstrating that such expenditures were made "pursuant to a binding agreement." *Westfed Holdings, Inc. v. United States*, 407 F.3d 1352, 1367 (Fed. Cir. 2005).[4]

### C. Other *in limine* Motions

The other *in limine* motions include: an omnibus motion by PCI (ECF No. 169); a motion to preclude PCI's damages expert, Chris Nazareth, from testifying at trial (ECF No. 173); and an omnibus motion by Cummins (ECF No. 177). Those motions are resolved in accordance with the Court's ruling on the record during the Final Pretrial Conference.

The Clerk of Court respectfully is requested to close the motions pending at ECF Nos. 169, 173, 175, 177, and 199.

**SO ORDERED.**

Date:  July 7, 2023  
       New York, NY

                                                *Mary Kay Vyskocil*  
                                         **MARY KAY VYSKOCIL**  
                                         **United States District Judge**

---

[4] The Federal Circuit affirmed the award of certain pre-contract damages, but only those which were incurred after the parties agreed to a letter of intent. *See Westfed Holdings*, 407 F.3d at 1368. Because there is no evidence that a letter of intent or other binding agreement was entered into in this case prior to the Master Agreement, the Federal Circuit opinion has very little (if any) relevance to this issue of Indiana law.